ORAL ARGUMENT NOT YET SCHEDULED
# No. 21-5083

In The
# United States Court of Appeals
For The District of Columbia Circuit

JEAN-GABRIEL BERNIER,

*Plaintiff-Appellee,*

-against-

JEFF ALLEN, CHIEF PHYSICIAN, FBOP,

*Defendant-Appellant.*

On Appeal From The United States District Court
For the District of Columbia

## BRIEF OF APPELLEE JEAN-GABRIEL BERNIER

Theodore A. Howard
D.C. Bar No. 366984
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
202.719.7000
Thoward@wiley.law

*Attorney for Plaintiff-Appellee Jean-Gabriel Bernier*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

PARTIES AND AMICI

The plaintiff-appellee is Jean-Gabriel Bernier. The defendant-appellant is Jeff Allen, M.D., Medical Director of the Federal Bureau of Prisons.

There are no amici curiae.

RULING UNDER REVIEW

The ruling under review is the Order entered by the United States District Court for the District of Columbia, the Hon. Amit P. Mehta, U.S.D.J., on February 8, 2021. J.A. 146. The Order is unpublished.

RELATED CASES

There are no related cases currently pending before this Court or in any other court of which undersigned counsel is aware.

/s/ Theodore A. Howard
Theodore A. Howard
Attorney for Appellee

# TABLE OF CONTENTS

Page(s)

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

TABLE OF AUTHORITIES ................................................................................ ii

GLOSSARY ...................................................................................................... v

STATEMENT REGARDING JURISDICTION ................................................. 1

STATUTES AND REGULATIONS .................................................................. 1

ISSUE PRESENTED FOR REVIEW ............................................................... 1

STATEMENT OF THE CASE ......................................................................... 2

SUMMARY OF ARGUMENT ......................................................................... 8

STANDARD OF REVIEW ............................................................................... 10

ARGUMENT .................................................................................................... 11

I.     The District Court's Denial of Appellant's Motion to Dismiss Should Be
       Affirmed Based Upon Appellee's Allegations That Appellant Violated a
       Clearly Established Right Of Prisoners to Adequate Medical Care Under
       *Estelle v. Gamble* .................................................................................. 11

II.    Appellee's Second Amended Complaint Sets Forth Plausible Eighth
       Amendment Claims Sufficient to Satisfy Governing Pleading
       Requirements ............................................................................................ 17

III.   The District Court's Conclusion That Appellee is Entitled to Conduct
       Discovery Regarding Contested Facts Before Reaching the Merits of
       Appellant's Qualified Immunity Defense Does Not Constitute Reversible
       Error ........................................................................................................ 24

CONCLUSION ................................................................................................. 28

REQUEST OF ORAL ARGUMENT ................................................................ 29

CERTIFICATE OF COMPLIANCE ................................................................. 30

CERTIFICATE OF SERVICE .......................................................................... 31

<strong><u>TABLE OF AUTHORITIES</u></strong>

**Page(s)**

**Cases**

*Abbas v. Foreign Policy Group, LLC,*
783 F.3d 1328 (D.C. Cir. 2015)....................................................................17

*Abu-Jamal v. Kerestes*,
779 F. App'x 893 (3d Cir. 2019) ..................................................................15

*Allah v. Thomas*,
679 F. App'x 216 (3d Cir. 2017) ..................................................................22

*Bame v. Dillard*,
637 F.3d 380 (D.C. Cir. 2011)......................................................................10

*Banneker Ventures LLC v. Graham*,
798 F.3d 1119 (D.C. Cir. 2015)...............................................................10, 11

*Bernier v. Obama*,
201 F. Supp. 3d 87 (D.D.C. 2016)..............................................................2, 18

*Bernier v. Trump*,
242 F. Supp. 3d 31 (D.D.C. 2017)....................................................3, 4, 18, 19

*Bernier v. Trump*,
299 F. Supp. 3d 150 (D.D.C. 2018)....................................................5, 6, 11, 18

*Brown v. Carter*,
No. 13-C-6866, 2015 U.S. Dist. LEXIS 123350 (N.D. Ill. Sept. 16, 2015) ......................................................................................................13, 14

*Chimenti v. Penn. Dep't of Corr.*,
No. CV 15-3333, 2017 WL 3394605 (E.D. Pa. Aug. 8, 2017) .........................15

*Crawford-El v. Britton*,
951 F.2d 1314 (D.C. Cir. 1991)....................................................................26

<em>Authorities upon which we chiefly rely are marked with asterisks.</em>

*Diaz v. Avent*,
  No. 516CV01861CASSK, 2020 WL 591570 (C.D. Cal. Jan. 13,
  2020), *report and recommendation adopted*, 2020 WL 586863
  (C.D. Cal. Feb. 6, 2020)............................................................................15

*Erickson v. Pardus*,
  551 U.S. 89 (2007) (*per curiam*) .........................................................4, 27

*Estelle v. Gamble*,
  429 U.S. 97 (1976).................................................11, 12, 13, 14, 16

*Faircloth v. Colo. Dep't of Corr.*,
  No. 18-CV-01249-RM-STV, 2020 WL 9160864 (D. Colo. Oct. 23,
  2020), *report and recommendation adopted*, 2021 WL 1138060
  (D. Colo. March 25, 2021)........................................................................15

*Farmer v. Moritsugu*,
  163 F.3d 610 (D.C. Cir. 1998).................................................................26

*Harris v. D.C. Water & Sewer Auth.*,
  791 F.3d 65 (D.C. Cir. 2015)....................................................................11

*Hope v. Pelzer*,
  536 U.S. 730 (2002)...................................................................................14

*Johnson v. Jones*,
  515 U.S. 304 (1995)...................................................................................25

*Johnson v. Wright*,
  412 F.3d 398 (2d Cir. 2005) ...............................................................13, 14

*Lovelace v. Clarke*,
  No. 2:19-cv-75, 2019 WL 3728265 (E.D. Va. Aug. 7, 2019)...........................15

*McKenna v. Wright*,
  386 F.3d 432 (2d Cir. 2004) ...............................................................13, 14

*Owens v. BNP Paribas, S.A.*,
  897 F.3d 266 (D.C. Cir. 2018)..................................................................10

*Pfaller v. Clarke*,
  No. 3:19-cv-728, 2021 WL 1776189 (E.D. Va. May 4, 2019) ........................15

*Roe v. Elyea*,
   631 F.3d 843 (7th Cir. 2011) .......................................................................13, 14

*Scinto v. Stansberry*,
   841 F.3d 219 (4th Cir. 2016) ..............................................................................12

*United States v. Lanier*,
   520 U.S. 259 (1997).............................................................................................14

*Vaught v. Williams*,
   No. EDCV17-1693-DOC(E), 2018 WL 6137195 (C.D. Cal. Feb.
   26, 2018) ...............................................................................................................15

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..................................................................................................4

# GLOSSARY

| Abbreviation | Definition |
| --- | --- |
| AASLD | American Ass'n for the Study of Liver Disease |
| APRI | Aspartate aminotransferase-to-Platelet-Ratio Index |
| BOP | Federal Bureau of Prisons |
| IDSA | Infectious Diseases Society of America |

## STATEMENT REGARDING JURISDICTION

Appellee agrees with and adopts Appellant's Statement of Jurisdiction. Brief for the Appellant ("App. Br.") at 3.

## STATUTES AND REGULATIONS

Appellee agrees with and adopts Appellant's representation that there are no statutes or regulations at issue in this appeal. App. Br. at 4.

## ISSUE PRESENTED FOR REVIEW

The District Court, accepting the allegations set forth in Plaintiff-Appellee Jean-Gabriel Bernier's Second Amended Complaint as true and granting all reasonable inferences in his favor, held that the amended pleading "plausibly establish(es) two clearly established Eighth Amendment violations" sufficient – *at the pleading stage* – to overcome Defendant-Appellant Jeff Allen, M.D.'s qualified immunity defense. It subsequently declined to revisit that determination, or to entertain Allen's request, in the alternative, to grant summary judgment premised upon one-sided factual contentions as to which Bernier had had no "opportunity to take an ounce of discovery" (J.A. 146-48).

The question presented is whether the district court erred in refusing to sustain Allen's defense of qualified immunity *as a matter of law* under circumstances in which a critical element of the defense – *i.e.*, whether Allen had knowledge of particular facts concerning Bernier's alleged medical condition such that he would know that depriving Bernier of medical care at that point in time

constituted a violation of clearly established law – was itself an unresolved factual question.

<strong><u>STATEMENT OF THE CASE</u></strong>

Bernier, at that time a federal prisoner incarcerated in the Medium Security segment of the Federal Correctional Institution in Allenwood, PA ("FCI-Allenwood"), commenced this action by the filing of a *pro se* Complaint on May 3, 2016. His Complaint asserted a *Bivens* claim for damages, as well as claims for declaratory and injunctive relief, premised upon the primary contention that Allen's failure to order and implement a timely, proactive and efficacious course of treatment, with respect to Bernier's Hepatitis C, reflected Allen's deliberate indifference to Bernier's serious medical needs in violation of his rights under the Eighth Amendment to the U.S. Constitution. *See generally* Complaint, ¶¶ 10-27. J.A. 19-24.

On June 27, 2016, Plaintiff filed a Motion for Preliminary Injunction, seeking the issuance of an Order granting immediate *pendente lite* relief on his constitutional claims while the litigation proceeded to ultimate disposition on the merits. *See* ECF No. 9 and supporting papers. After full briefing, the district court denied the Plaintiff's Motion by Memorandum Opinion and Order dated August 24, 2016. *Bernier v. Obama,* 201 F. Supp. 3d 87 (D.D.C. 2016) (*"Bernier I"*) (ECF No. 27).

Shortly thereafter, the Federal Defendants moved to dismiss Bernier's Complaint in its entirety, principally contending that the district court's determination that Bernier had not shown a substantial likelihood of success on the merits in denying his Motion for a Preliminary Injunction essentially foreshadowed a ruling that Bernier's allegations failed to make out any claim for which relief could be granted under Fed. R. Civ. P. 12(b)(6). *See* ECF No. 28 at 1-2.

After briefing, the district court granted the Government's Motion to Dismiss in part and denied it in part, per Memorandum Opinion and Order dated March 17, 2017. *See Bernier v. Trump,* 242 F. Supp. 3d 31 (D.D.C. 2017) (*"Bernier II"*) (ECF No. 44). In the portion of the court's decision most pertinent for purposes of this appeal, the court rejected Bernier's Eighth Amendment claim for damages against Allen based on qualified immunity, holding that Bernier had failed to identify any "clearly established right" that Allen violated by his alleged acts or omissions. *See Bernier II*, 242 F. Supp. 3d at 39-40.[1]

The court did not dismiss the Complaint in its entirety, however. On the contrary, it determined that Bernier's Eighth Amendment claim seeking

---

[1] In light of the court's disposition dismissing Bernier's claims for damages asserted against the Federal Defendants in their individual capacities, the Court found it unnecessary at that time to address or resolve the Defendants' threshold challenges based upon alleged lack of *in personam* jurisdiction and allegedly improper service of process, as well as their contentions regarding purportedly improper venue. *Bernier II*, 242 F. Supp. 3d at 40 n.8.

declaratory and injunctive relief against the Federal Defendants in their official capacities was not subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), concluding, in reliance upon *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*), "that Plaintiff adequately has stated a claim under the Eighth Amendment because [BOP] has denied him access to Harvoni to treat his Hepatitis C." 242 F. Supp. 3d at 41. The district court indicated that it would appoint *pro bono* counsel to represent Bernier with respect to the surviving Eighth Amendment claim – *id*. at 45 – and later did so by appointment of the undersigned. *See* ECF No. 47.

The Federal Defendants filed a second Motion to Dismiss on May 25, 2017. *See* ECF No. 50. That Motion, invoking wholly new factual representations concerning the modified treatment that Bernier was receiving for his Hepatitis C, asserted that the case was now moot and subject to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See id.* at 6 ("In the instant matter, subsequent events; namely Plaintiff now receiving treatment for his Hepatitis C condition, have overtaken this action and Plaintiff's claim is now moot. . . . Plaintiff is now receiving treatment and this action is no longer justiciable[.]").

In response to Defendants' second Motion to Dismiss, Bernier sought reconsideration of the district court's prior ruling dismissing his *Bivens* claim for damages against Allen on the basis of qualified immunity. *See* ECF No. 57. Bernier argued that, in granting dismissal on qualified immunity grounds, the court

erred by adopting too narrow a conception of the "clearly established right" that Bernier asserts was violated by Allen's acts and/or omissions, and that the court likewise erred in failing to give due consideration to relevant case authorities reflecting recognition of the right to treatment that Allen failed to vindicate in denying treatment for Bernier's serious medical needs. He pointed out that if the court determined that reconsideration was appropriate and his *Bivens* claim for damages under the Eighth Amendment should be reinstated, the Defendants' Motion to Dismiss would necessarily be subject to denial because the mootness argument upon which it rested would be fatally undercut. ECF No. 57 at 6-23.

By Memorandum Opinion and Order entered on March 8, 2018, the district court granted Bernier's Motion for Reconsideration, in part, vacating its prior dismissal of his *Bivens* claim for damages against Allen individually. However, the court simultaneously granted the Defendants' request for dismissal of the reinvigorated *Bivens* claim on the alternative ground, previously raised by them, of insufficient service of process under Fed. R. Civ. P. 12(b)(5). *See generally Bernier v. Trump*, 299 F. Supp. 3d 150, 157-59 (D.D.C. 2018) (*"Bernier III"*) (ECF No. 64).

The dismissal of Bernier's *Bivens* claim against Allen was without prejudice, the court expressly noting that it would "give Plaintiff additional time to properly serve Defendant Allen," either with an amended complaint or with "the original

complaint and, within 21 days of service … a more definite statement under Rule 12(e)." *Id*. at 159. The district court allowed Bernier sixty days within which to undertake either of the alternative courses of action prescribed. *Id*.

Bernier filed an Amended Complaint on June 4, 2018, accompanied by a request, granted by the court, to accomplish service of process upon Defendant Allen within 30 days thereafter. *See* ECF Nos. 66, 67; Minute Order entered June 5, 2018. Subsequent to Bernier's filing of Proof of Service with respect to the Amended Complaint, Allen, by counsel, filed a Motion to Dismiss or for Summary Judgment with supporting Statement of Material Facts and Memorandum on October 24, 2018. *See* ECF Nos. 77, 77-1, 77-2 and 77-3.

Bernier submitted his Opposition, supported by a Declaration pursuant to Fed. R. Civ. P. 56(d) by undersigned counsel, on February 8, 2019. ECF Nos. 83, 83-1. Defendant replied on April 10, 2019. ECF No. 87.

By Memorandum Opinion dated August 22, 2019, the district court rejected Defendant's bid for summary judgment. J.A. 78-79. However, the court granted Defendant's Motion to Dismiss, holding that Bernier again failed to set forth a basis upon which the court could find a "clearly established right" under the Eighth Amendment that Allen violated by refusing Bernier's request for treatment of his Hepatitis C with cutting-edge medication in December 2015, and that qualified immunity principles thus shielded Allen from liability exposure. J.A. 79-87. An

Order entering judgment for Allen in accordance with this ruling followed.  J.A. 88.

Because Bernier believed that the court had inadvertently overlooked or simply disregarded certain of his allegations and reasonable inferences therefrom which he was entitled to have taken as true at that stage of the proceedings, and which had a direct bearing on the validity of the court's analysis of the dispositive "clearly established right" issue, Bernier sought alteration or amendment of the court's judgment pursuant to Fed. R. Civ. P. 59 in order to have the court recognize a viable Eighth Amendment claim as to which qualified immunity is not a bar. ECF Nos. 90, 90-1.  Alternatively, if the court declined to hold on the basis of the Rule 59 Motion that dismissal of Bernier's claim was improper, Bernier argued that he should be permitted to amend his Complaint again in order to restate his Eighth Amendment claim in a manner sufficient to survive Defendant's Fed. R. Civ. P. 12 (b)(6) challenge.

Over Allen's vigorous objections, the court granted Bernier's Rule 59 Motion and accepted his Second Amended Complaint for filing, expressly finding that "Plaintiff's Second Amended Complaint cures the defects in his Amended Complaint" and "plausibly establish[es] two clearly established Eighth Amendment violations" that would, if proven, "overcome Defendant's qualified immunity."  J.A. 95-104.

Allen, dissatisfied with the district court's determination, filed yet another Motion to Dismiss or for Summary Judgment targeting Bernier's Second Amended Complaint, and again invoking qualified immunity as the basis for dismissal. ECF No. 103. The court, rejecting Allen's arguments under Fed. R. Civ. P. 12(b)(6) as "built on a strawman," and finding that the remainder of Allen's arguments hinged upon contested facts as to which Bernier had had no opportunity to conduct necessary discovery, concluded that Allen's request for summary judgment should be denied pursuant to Rule 56(d). J.A. 147-49. In this regard, the district court stated:

> Plaintiff's claims may yet prove to be incapable of overcoming the defense of qualified immunity. But the Plaintiff is entitled to take some discovery before the court reaches that conclusion.

J.A. 149.

Allen filed a timely Notice of Appeal thereafter. J.A. 150.

## SUMMARY OF ARGUMENT

The district court declined to dismiss Bernier's Second Amended Complaint on qualified immunity grounds on the basis of its determination that the amended pleading "plausibly establish[es] two clearly established Eighth Amendment violations," namely:

- "delaying necessary medical treatment for non-medical reasons"; and

- "deliberately preventing 'an inmate from receiving recommended treatment of serious medical needs.'"

J.A. 97, *citing Abu-Jamal v. Kerestes*, 779 F. App'x 893, 900 (3d Cir. 2019).

Although Allen does not appear to take issue with the district court's premises that refusing to provide a prisoner with needed medical treatment for non-medical reasons (here, the high cost of the treatment involved) or that deliberately refusing to provide a prisoner with a recommended treatment to address a serious medical need would implicate violations of the Eighth Amendment's prohibition against cruel and unusual punishment, he does insist that Bernier's allegations set forth in the Second Amended Complaint somehow fall short of asserting plausible claims for relief in that regard. Allen is wrong; not only are Bernier's allegations in his amended pleading not "new" as Allen suggests, but they are sufficient, viewed in the context of the case as a whole and in the light most favorable to Bernier, to satisfy applicable pleading standards under Fed. R. Civ. P. 12(b)(6).

Because, as the district court found, the Second Amended Complaint sets forth plausible Eighth Amendment claims that *could* survive a qualified immunity challenge, and the ultimate viability of Allen's qualified immunity defense hinges on contested facts as to which Bernier has had no discovery, the district court properly denied Allen's dispositive motion. That determination should be affirmed.

## STANDARD OF REVIEW

The denial of a governmental defendant's claim of qualified immunity is reviewable by this Court *de novo*. *Bame v. Dillard*, 637 F.3d 380, 384 (D.C. Cir. 2011) (citation omitted).

This Court reviews a district court's disposition of a motion to dismiss for failure to state a claim upon which relief can be granted by determining whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 272 (D.C. Cir. 2018), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (other citation omitted). "Plausibility requires 'more than the sheer possibility that a defendant has acted unlawfully,' but it is not a 'probability requirement.'" *Banneker Ventures LLC v. Graham*, 798 F.3d 1119, 1128 (D.C. Cir. 2015) (*quoting Twombly*, 550 U.S. 544, 556 (2007)). A claim crosses the threshold from merely "conceivable" to plausible "when it contains factual allegations that, if proved, would 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted).

"In determining a complaint's plausibility, we accept as true all of the complaint's factual allegations and draw all reasonable inferences in favor of the plaintiffs." *Owens*, 897 F.3d at 272 (citations omitted). However, this guidance

does not extend to bare conclusory factual assertions or legal conclusions.

*Banneker Ventures*, 798 F.3d at 1128; *see also Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015).

## ARGUMENT

**I.  The District Court's Denial of Appellant's Motion to Dismiss Should Be Affirmed Based Upon Appellee's Allegations That Appellant Violated a Clearly Established Right Of Prisoners to Adequate Medical Care Under *Estelle v. Gamble***

In granting, in part, Plaintiff's Motion for Reconsideration of its dismissal of Plaintiff's *Bivens* claim for damages against Defendant Allen at an earlier stage of the case, the district court acknowledged that it had framed its inquiry with respect to the "clearly established right" element of the test for qualified immunity too narrowly, and left "for another day whether Plaintiff's broad framing of the right in question as '[t]he right of prisoners to adequate medical care, and to be free from deliberate indifference to their serious medical needs,' is correct." *Bernier III*, 299 F. Supp. 3d at 157 n.7 (citation omitted). The court subsequently determined that "the broad right articulated in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] cannot, without more, defeat qualified immunity. To say that a prisoner must receive adequate medical care and not be subjected to deliberate indifference to his medical needs is 'a broad general proposition,'" not sufficiently particularized, in the district court's view, to serve as the basis for a "clearly established right." J.A. 80. Bernier respectfully disagrees.

Compelling persuasive authority, arising in the context of analogous factual circumstances, does in fact stand for the proposition that the Eighth Amendment right of prisoners to adequate medical treatment set forth in *Estelle* may, on its own, serve as a basis for defeating qualified immunity. For example, in *Scinto v. Stansberry*, 841 F.3d 219 (4th Cir. 2016), a case involving a former prisoner's *Bivens* claim under the Eighth Amendment that several federal prison officials failed to provide him with adequate treatment for a diabetes-related medical emergency, and refused to provide him with a diet appropriate for diabetics while he was confined in administrative segregation, the Court of Appeals rejected the defendants' attempt to narrowly frame the "clearly established right" element of their qualified immunity defense in terms of the specific wrongful conduct of which they were accused. Instead, the Court held:

> *Rather, we define the right in question as the right of prisoners to receive adequate medical care and to be free from officials' deliberate indifference to their known medical needs.*
>
> ….
>
> Because we conclude that there is sufficient evidence that Plaintiff's Eighth Amendment right to adequate medical care and freedom from officials' deliberate indifference to his medical needs was violated and that the right was clearly established, Dr. Phillip and Administrator McClintock are not entitled to qualified immunity.

841 F.3d at 235-37 (emphasis added; citations omitted) (cited in ECF No. 90-1 at 8).

At a minimum, the Fourth Circuit's analysis and holding in *Scinto* rebuts the district court's assertion that "the broad right articulated in *Estelle* cannot, without more, defeat qualified immunity." J.A. 80. More critically, however, Bernier did not rely solely on the principles established in *Estelle* "without more." On the contrary, rather than simply invoking a prisoner's right to adequate medical care as a broad, abstract proposition, Bernier framed the right in the context of a line of cases, dating back to at least 2004, specifically addressing federal courts' rejection of attempts by correctional facilities to deny prisoners appropriate treatment of Hepatitis C on the basis of bureaucratic administrative protocols or policies that failed to properly reflect then-applicable standards of medical care. *See Roe v. Elyea*, 631 F.3d 843, 858-61 (7th Cir. 2011); *Johnson v. Wright*, 412 F.3d 398, 404-06 (2d Cir. 2005); *McKenna v. Wright*, 386 F.3d 432, 435-37 (2d Cir. 2004); *Brown v. Carter*, No. 13-C-6866, 2015 U.S. Dist. LEXIS 123350, *13-21 (N.D. Ill. Sept. 16, 2015). *See* ECF No. 57 at 12-19; ECF No. 90-1 at 8.

Notably, in each instance, the defendants in these cases sought dismissal on the basis of qualified immunity, contending that no "clearly established right" existed that prevented them from relying upon the particular administrative policy or protocol at issue as a basis for denying or delaying treatment of the claimants' Hepatitis C. The courts, in response in each case, held that the prisoners' right to adequate medical care – as "clearly established" *by Estelle* – required rejection of

the defendants' attempted reliance on qualified immunity.  *See McKenna*, 386 F.3d at 437; *Johnson*, 412 F.3d at 404-06; *Roe*, 631 F.3d at 860-61; *Brown*, 2015 U.S. Dist. LEXIS 123350, at \*21.

"[G]eneral statements of the law are not inherently incapable of giving fair and clear warning, and in other instances a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though 'the very action in question has [not] previously been held unlawful.'"  *United States v. Lanier*, 520 U.S. 259, 271 (1997) (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  "[P]ursuant to *Lanier*, the salient question . . . is whether the [existing] state of the law . . . gave respondents fair warning that their alleged treatment of [the claimant] was unconstitutional."  *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

The line of authorities represented by *McKenna*, *Johnson*, *Roe* and *Brown* – reflecting  that prisoners afflicted with Hepatitis C may not be denied treatment on the basis of implementation of bureaucratic administrative policies not having a specific basis in governing medical standards of care – provided Allen with more than sufficient "fair warning" that denying Plaintiff treatment on the basis of the BOP protocol then in effect was contrary to the right to adequate medical care established nearly 40 years prior in *Estelle*.  The fact that the specific form of the denial of treatment in this case – *i.e.*, the refusal to provide Bernier treatment with

direct-acting antiviral medication – may not have been found to violate the Eighth

Amendment as of December 31, 2015 should and does not alter this conclusion.[2]

The information presented to Allen on the basis of which he purportedly

decided to deny Plaintiff treatment indicated that Plaintiff had "[c]hronic Hepatitis

C." J.A. 41, ¶ 18. As further alleged in the Amended Complaint:

> 31. People with chronic HCV develop fibrosis of the liver, a process by which healthy liver tissue is replaced by scarring. Scarred tissue cannot perform many or all of the functions performed by normal, healthy liver cells.
>
> ….
>
> 34. In addition to causing day-to-day pain, chronic HCV dramatically increases an affected individual's risk of developing cirrhosis and lung cancer.
>
> 35. Of those with chronic HCV, at least half will develop cirrhosis or liver cancer and almost all of them (70% to 95%) will develop chronic liver disease.

---

[2] Numerous recent decisions have so held in the specific context of this case, rejecting qualified immunity defenses premised upon "no clearly established right" arguments in denying motions to dismiss as well as, in some instances, motions for summary judgment. *See, e.g.*, *Abu-Jamal v. Kerestes*, 779 F. App'x 893, 900 (3d Cir. 2019); *Pfaller v. Clarke*, No. 3:19-cv-728, 2021 WL 1776189, at *10 (E.D. Va. May 4, 2019); *Faircloth v. Colo. Dep't of Corr.*, No. 18-CV-01249-RM-STV, 2020 WL 9160864, at *8 (D. Colo. Oct. 23, 2020), *report and recommendation adopted*, No. 18-CV-01249, 2021 WL 1138060 (D. Colo. March 25, 2021); *Diaz v. Avent*, No. 516CV01861CASSK, 2020 WL 591570, at *3 (C.D. Cal. Jan. 13, 2020), *report and recommendation adopted*, No. 516CV01861CASSK, 2020 WL 586863 (C.D. Cal. Feb. 6, 2020); *Lovelace v. Clarke*, No. 2:19-cv-75, 2019 WL 3728265, at *6 (E.D. Va. Aug. 7, 2019); *Vaught v. Williams*, No. EDCV17-1693-DOC(E), 2018 WL 6137195, at *5 (C.D. Cal. Feb. 26, 2018); *Chimenti v. Penn. Dep't of Corr.*, No. CV 15-3333, 2017 WL 3394605, at *10 (E.D. Pa. Aug. 8, 2017).

J.A. 44-45.  With full awareness of *at least* these basic facts, Allen declined to approve treatment for the Plaintiff based upon application of a BOP prioritization protocol consciously adopted in order to ration treatment pursuant to which only individuals in the highest priority categories would receive prompt treatment despite the BOP's express, stated recognition that "all patients with chronic HCV infection may benefit from treatment," – J.A  45, ¶ 37 – thus assuring that certain prisoners such as Bernier, either already manifesting signs and symptoms of progressive liver disease or confronting a substantial risk of such harm in the future, would be denied treatment or have their treatment indefinitely delayed.

The cases cited and relied upon by Bernier provided Allen with "fair warning" that the course of action he undertook in December 2015 could violate Bernier's Eighth Amendment rights.  Ultimately, the broad right of prisoners to adequate medical care and to be free from deliberate indifference to their serious medical needs established decades ago in *Estelle* should defeat qualified immunity under the circumstances alleged by Bernier here, unless the district court defined the "clearly established right" in question so narrowly that only an authoritative decision prior to December 2015, holding that all prisoners with HCV are entitled to treatment with Harvoni or an analogous direct-acting antiviral drug, would suffice as a basis for the imposition of liability.  The court, having previously disclaimed any intention to view the "clearly established right" issue through such

an impermissibly narrow prism, should have held that Bernier's Eighth

Amendment claim was cognizable and sufficient to defeat Allen's motion to

dismiss without any need for Bernier to replead his claims in the Second Amended

Complaint. The denial of Allen's motion should be affirmed on this basis alone.[3]

## II. Appellee's Second Amended Complaint Sets Forth Plausible Eighth Amendment Claims Sufficient to Satisfy Governing Pleading Requirements

As reviewed above, the district court's ruling sustaining the adequacy of

Bernier's Second Amended Complaint over Allen's Rule 12(b)(6) challenge is

premised upon its conclusion that the pleading plausibly asserts claims that Bernier

was denied appropriate treatment for his Hepatitis C – initially in December 2015

and thereafter until April 2017 – because it alleges that: (i) Allen denied treatment

in reliance upon a BOP prioritization protocol that was grounded upon

considerations of controlling costs, a patently non-medical justification, and (ii)

Allen purported to justify his denial of care based on only one measure of the

severity of Bernier's Hepatitis C despite his awareness of the alternative test results

under which Bernier qualified for treatment, which he disregarded in contravention

of written BOP policy. *See* J.A. 97-104. As demonstrated hereinafter, Allen's

---

[3] It is well-settled that "[t]his Court may affirm a district court judgment on 'any ground the record supports' and the 'opposing party had a fair opportunity to address.'" *Abbas v. Foreign Policy Group, LLC,* 783 F.3d 1328, 1337 (D.C. Cir. 2015) (citing authorities). So it is here.

- 17 -

contention that the allegations set forth by Bernier and relied upon by the district court were and are insufficient *as a matter of law* to satisfy the *Iqbal/Twombly* pleading standards is mistaken.

Initially, Allen's repeated effort to portray the subject matter of the district court's reliance as "two new allegations" set forth in the Second Amended Complaint – *see* App. Br. at 2, 3, 9, 11 and 17 – is misguided.  Bernier's initial *pro se* Complaint expressly alleged that the BOP prioritization protocol pursuant to which Allen denied his request for treatment of his Hepatitis C in December 2015 was motivated by cost considerations.  *See* J.A. 23, ¶¶ 25-26.  The district court's earlier rulings in the case expressly acknowledged, and recognized the legal significance of, those allegations.  *See Bernier I*, 201 F. Supp. 3d at 90 (noting Plaintiff's assertion that "the high cost of Harvoni was the basis for Dr. Allen's decision"); *see also Bernier II*, 242 F. Supp. at 36; *Bernier III*, 299 F. Supp. 3d at 153.  Although Bernier's Amended Complaint, prepared and filed by undersigned counsel, was less specific in invoking impermissible cost considerations as the foundation for the BOP prioritization protocol, it nonetheless clearly set forth Bernier's position that non-medical reasons, including the high cost of the medication he sought, were the basis for Allen's denial of treatment.  *See* J.A. 39, ¶ 13; J.A. 45-46, ¶¶ 37-38; J.A. 47-48, ¶ 45.  Accordingly, Bernier's assertion in the Second Amended Complaint that the BOP's protocol pursuant to which Allen

- 18 -

refused him care "was created 'in order to minimize the high cost attending the administration of drugs such as Harvoni, not on the basis of any medical justification" – App. Br. at 9 (citation omitted) – was hardly "new" to this case when made.

Likewise, there is nothing "new" about Bernier's contention that when Allen denied him treatment in December 2015, Allen did so despite his awareness of diagnostic testing results for Bernier yielded by Fibrosure testing done in 2012, 2014 and 2015 while Bernier was incarcerated in a state correctional system indicating that Bernier had active cirrhosis of the liver. On the contrary, both Bernier's original and Amended Complaints alleged this. J.A. 21-22, ¶¶ 18-19; J.A. 47, ¶ 45.[4]

For these reasons, Allen's effort to portray key allegations stated in the Second Amended Complaint as newly-minted and strategically crafted after the fact for the sole purpose of filling specific gaps identified by the district court in its decision dismissing the Amended Complaint is futile. Much to the contrary,

---

[4]  In analyzing the original Complaint in *Bernier II*, the district court noted that "Plaintiff contends that Dr. Allen erroneously relied on Plaintiff's low APRI number and outdated biopsy results, rather than Plaintiff's more recent Fibrosure scores[.]" 242 F. Supp. 3d at 36. Moreover, even in the absence of such explicit allegations, Allen's knowledge of and conscious decision to disregard Bernier's Fibrosure test results can reasonably be inferred from Bernier's allegations that Allen flouted written BOP policy dictating that APRI results should not be exclusively relied upon if – as here – other evidence establishing a diagnosis of cirrhosis exists. *See* J.A. 45, ¶ 38; J.A. 47-48, ¶ 45.

Bernier submits that these contentions have been part of the fabric of this case since its inception and, viewed in the larger context, are not merely "conclusory" as Allen has suggested.

Apart from his unfounded attempt to suggest that allegations the district court found important to its plausibility analysis appeared for the first time in Bernier's Second Amended Complaint, Allen also insists that the court below erred in crediting these allegations because they "flatly contradict[] three exhibits to [the] complaint as well as the complaint itself." App. Br. at 20, *citing Owens*, 897 F.3d at 272-73. Allen's assertions lack basis.

Allen avers that certain statements included in the IDSA/AASLD press release endorsing the uniform use of new direct-acting antiviral drugs to treat Hepatitis C for all infected persons in October 2015 – Exhibit C to Bernier's Second Amended Complaint – and the new protocol established for treating Hepatitis C issued concurrently therewith – Exhibit D to the Second Amended Complaint – somehow support the proposition that cost considerations could legitimately continue to have a role in prioritizing and rationing treatment among infected individuals. But the cherry-picked statements to which Allen points did no such thing.

The ISDA/AASLD Panel's October 2015 press release made it clear that it had *previously endorsed* a prioritization approach to treating Hepatitis C-infected

persons with new-to-market direct-acting antiviral medications initially (in 2013), because only clinical trial information was available concerning the drugs' efficacy.  However, by the time of the press release, the available data and experience was such that the Panel could confidently declare that "[t]reatment [with DAAs] *is recommended for all patients with chronic HCV infection*, except for those with short life expectancies that cannot be remediated by treating HCV, by transplantation, or other directed therapy."  *See* J.A. 116-117, ¶¶ 43-44; J.A. 130 (press release); J.A. 133-134 (new protocol) (emphasis added).  The purportedly "qualifying" statements referenced by Allen – *see* App. Br. at 21 – were in no way an equivocation of or limitation on the new standard of care that the ISDA/AASLD Panel announced.  The Panel's acknowledgement that "in certain settings," including prisons as an example, there remain factors that impact access to medications and the ability to deliver them to patients and that, in those circumstances, "practitioners may still need to decide which patients should be treated first," was merely a recognition on the part of the Panel that *implementation* of the new protocol might not be instantaneous due to non-medical factors, the Panel's wishes to the contrary notwithstanding.  Likewise the Panel's observation, concerning correctional facilities, that "coordinated treatment efforts within prison systems would likely rapidly decrease the prevalence of HCV infection within this at-risk population, although research is needed in this area," did not qualify or

water down the force or import of the Panel's treatment guidance in any way.  It

merely noted that judgments concerning the *impact* of implementation of the new

guidance within prisoner populations would have to await further study.  For these

reasons, Allen's attempt to portray the ISDA/AASLD's public statements issued in

October 2015 as anything other than an unequivocal repudiation of the type of

prioritization protocol that BOP was utilizing and continued to utilize until at least

a full year later – *see* J.A. 112, ¶ 23 – necessarily fails.[5]

As his final line of argument in this regard, Allen points to Bernier's

"concession" in the Second Amended Complaint that the BOP's prioritization

protocol under which Allen denied Bernier's request for treatment was

"analogous" to the prioritization protocol previously endorsed by the

---

[5]      Allen also points to the specific contents of the BOP prioritization protocol
itself, setting forth "the medical considerations that were taken into account in
determining how inmates were to be prioritized for treatment," as evidence
contrary to Bernier's claim that cost considerations were dispositive.  App. Br. at
21-22, citing J.A. 123-128 (2d Am. Complaint, Ex. B).  But if Bernier's allegations
are to be taken as true, as he submits that they must be at this threshold pleading
stage, the fact that BOP had an elaborate written policy designed to obscure the
improper factors upon which its treatment decisions were actually being made
could not justify the granting of Allen's Rule 12(b)(6) Motion.  *See, e.g., Allah v.
Thomas*, 679 F. App'x 216, 218 & n.2 (3d Cir. 2017) (notwithstanding
Pennsylvania Dep't of Corrections written Hepatitis C protocol, plaintiff's
allegations "that he did not receive *any* treatment for his Hepatitis C condition, that
he was not placed on a newly developed . . . treatment regimen *solely* because it
was cost-prohibitive, and that he was suffering medical complications as a result,"
taken as true, "plausibly alleged an Eighth Amendment violation."  (Emphasis
added.)).

IDSA/AASLD that remained in effect until October 2015. In Allen's view, if a prioritization protocol that was valid from the IDSA/AASLD perspective was appropriate until October 2015, then the BOP's "analogous" protocol remaining in effect thereafter must also have been grounded in "medical justification" and thus must also be contrary to Bernier's implication that the BOP policy had its basis in impermissible non-medical cost considerations. App. Br. at 22-23. But Allen's argument in this regard simply ignores that the Second Amended Complaint expressly asserts that IDSA/AASLD Panel's guidance announced in October 2015 effectively *renounced* and *repudiated* the legitimacy of the prioritization approach it had previously endorsed (and thus, in effect, the BOP's protocol), due to the clinical evidence clearly establishing in the Panels' view that *all* non-terminal Hepatitis C-infected persons should be treated with direct-acting antiviral drugs as the new standard of care as of that time. *See* J.A. 117, ¶¶ 44-45. The fact that the BOP's prioritization protocol was "analogous" to the approach approved by the IDSA/AASLD *before October 2015* does nothing to undercut the validity or viability of Bernier's claim that by December 2015 and thereafter, Allen's adherence to an outdated prioritization protocol motivated by cost considerations in denying him care was actionable.

Viewed in the totality of these circumstances, Bernier's Eighth Amendment claim that he was denied adequate and appropriate care of his Hepatitis C by Allen

for improper, non-medical reasons was properly sustained by the district court. The lower court's decision to deny the Motion to Dismiss should and must be affirmed.

**III.  The District Court's Conclusion That Appellee is Entitled to Conduct Discovery Regarding Contested Facts Before Reaching the Merits of Appellant's Qualified Immunity Defense Does Not Constitute Reversible Error**

Allen, pointing to the need of a prisoner plaintiff alleging deprivation of medical care attributable to deliberate indifference in violation of the Eighth Amendment to adequately allege that the defendant "had subjective knowledge of the [plaintiff's] serious medical need and recklessly disregarded the excessive risk to inmate health and safety" posed by that need – *see* App. Br. at 25 (citing authorities) – complains that Bernier has offered only conclusory allegations of Allen's knowledge of Bernier's Fibrosure test results to satisfy this pleading requirement. *Id.* at 25-26.

Allen contends that Bernier's allegation in the Second Amended Complaint, that, in denying his application for treatment of his Hepatitis C with a direct-acting antiviral drug, "Defendant Allen and the [BOP] Clinical Director disregarded [Bernier's] Fibrosure test results … of which both were aware, indicating cirrhosis," Bernier merely "added the allegation identified by the [district] court as absent from the first amended complaint." App. Br. at 27.  However, as addressed more fully above, Allen is mistaken in his assertion that his awareness of Bernier's

Fibrosure test results had not previously been alleged. *See supra* p. 19, *citing* J.A. 21-22 ¶¶ 18-19 (original Complaint); J.A. 47, ¶ 45 (Amended Complaint). In addition, as noted hereinabove, the factual premise that Allen knew of Bernier's Fibrosure results reflecting active cirrhosis of his liver flows inferentially from Allen's obligation under the BOP's then-governing protocol, to consider other evidence before determining that APRI test results were dispositive of any Hepatitis C-infected prisoner's need or lack of need for immediate treatment. *See supra* note 2. For these reasons, Bernier's allegation concerning Allen's subjective knowledge is not "stark and conclusory" as Allen insists, but rather is consistent with Bernier's pleadings from the inception and intertwined with his theory of deliberate indifference.

The decisions of the Supreme Court, as well as this Court, support the proposition that when a plaintiff's *Bivens* claim for damages against a governmental official turns not on a purely legal determination as to whether the right under which the plaintiff seeks relief was "clearly established" as a matter of law, but rather on whether the defendant's knowledge was such that – *as a matter of fact* – he or she knew that his/her act or omission violated a constitutional right, a trial court's denial of a defendant's motion for summary judgment premised upon qualified immunity is not immediately reviewable. *See, e.g., Johnson v. Jones*, 515 U.S. 304, 312 (1995) ("We now consider the appealability of a portion of a district

- 25 -

court's summary judgment order that, although entered in a 'qualified immunity' case, determines only a question of 'evidentiary sufficiency,' *i.e.,* which facts a party may, or may not, be able to prove at trial. This kind of order, we conclude, is not appealable"); *see generally Farmer v. Moritsugu,* 163 F.3d 610, 613-14 (D.C. Cir. 1998) (following *Johnson* in noting that "[the] precedent draws a critical line between appeals of the 'I cannot, as a matter of law, do it' variety and appeals of the 'I did not, as a matter of fact, do it' variety. The former is permitted [to proceed to interlocutory appeal], notwithstanding the absence of a final judgment in the case; the latter, however, is not." (*citing Mitchell v. Forsythe*, 472 U.S. 511, 530 (1985) (other citation omitted))); *Crawford-El v. Britton*, 951 F.2d 1314, 1317 (D.C. Cir. 1991) ("[S]ome of Britton's arguments on appeal take the form of a simple denial – an 'I didn't do it' defense. Immediate review of the district court's treatment of those issues is beyond the scope of *Mitchell's* exception, which exists to supply early review of the law 'clearly established' at the relevant time." (Emphasis in original; citations omitted.)).

Here, in the view of the district court, the extent to which Allen may escape liability on qualified immunity grounds for denying Bernier appropriate care for his Hepatitis C in December 2015 depends on who is right with respect to the question of whether Allen did – or did not – know of Bernier's Fibrosure test results indicating active cirrhosis as of the time at which treatment was denied.

Bernier has plausibly alleged, at least insofar as he is concerned, that Allen possessed the requisite knowledge to initiate treatment of Bernier's illness, while Allen disputes that the requisite knowledge existed.

In determining whether to credit the sufficiency of Bernier's allegations, the district court relied upon the Supreme Court's *per curiam* ruling in *Erickson v. Pardus*, 551 U.S. 89 (2007), wherein it reviewed the plaintiff's allegations that the defendant's decision to cut off plaintiff's Hepatitis C medication "shortly after" such medication commenced was "endangering [plaintiff's] life" and that he was "still in need of treatment for this disease" that prison officials refused to provide. The Court held that those allegations were sufficient to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), notwithstanding defendant's insistence that they were "too conclusory." 551 U.S. at 93; *see* J.A. 101 n.5. Allen complains that the Supreme Court "read [the *Erickson*] complaint's allegations liberally" because the plaintiff therein was *pro se* and because the *Erickson* decision preceded *Iqbal*, but the Supreme Court clearly reached its sufficiency conclusion under Rule 8(a)(2) before even mentioning the plaintiff's *pro se* status, and its conclusion cited and relied upon *Twombly*, *Iqbal's* jurisprudential soulmate. 551 U.S. at 94.

If, under *Johnson v. Jones* and its progeny, the denial of *summary judgment* on the basis of a factual dispute, notwithstanding the defendant's claim of qualified

immunity, would not even be the subject of this Court's appellate jurisdiction, surely the district court's determination in the case at bar to allow Bernier to conduct modest discovery before reaching the merits of Allen's qualified immunity claim raised in a motion to dismiss cannot constitute reversible error.

## **CONCLUSION**

For all of the foregoing reasons, Allen's appeal should be denied and the interlocutory decision of the court below that the Second Amended Complaint should not be dismissed as a matter of law should be affirmed and this case remanded for further proceedings.

DATED: September 29, 2021

Respectfully submitted,

/s/ Theodore A. Howard
Theodore A. Howard
D.C. Bar No. 366984
WILEY REIN LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7000
thoward@wiley.law

*Attorney of Plaintiff-Appellee
Jean-Gabriel Bernier*

## <u>REQUEST OF ORAL ARGUMENT</u>

Plaintiff-Appellee requests oral argument and respectfully submits that oral argument would be helpful to the Court in addressing the question of whether the denial of a Rule 12(b)(6) motion to dismiss premised upon qualified immunity should be reviewable, much less reversible, when the district court's decision turns on its perception that contested factual allegations require discovery before the applicability of qualified immunity can properly be resolved.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,597 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman 14-point font.

/s/ Theodore A. Howard
Theodore A. Howard

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September 2021, I caused a true and correct copy of the foregoing Brief of Plaintiff-Appellee Jean-Gabriel Bernier to be filed with the clerk of the U.S. Court of Appeals for the D.C. Circuit *via* the appellate CM/ECF system, which will send notice of the filing to all participants in this case including counsel for Defendant-Appellant Jeff Allen, M.D.

/s/ Theodore A. Howard
Theodore A. Howard